UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC. | Case No. 2:20-cv-07518 CJC(JDEx) |
| Plaintiff, | Hon. Cormac J. Carney |
| v. | **STIPULATED PROTECTIVE ORDER** |
| QUVA PHARMA, INC., *et al*., | |
| Defendants. | [Note Changes by the Court] |

Pursuant to the Stipulation (Dkt. 35-1) by and among Plaintiff Nexus Pharmaceuticals, Inc. ("Plaintiff"), on the one hand, and Defendants QuVa Pharma, Inc. and QuVa Pharma Holdings, Inc., (collectively, "Defendants"), on the other hand, by and through their respective counsel, the Court finds and orders as follows.

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties acknowledge that this Order does

1    not confer blanket protections on all disclosures or responses to discovery and that

2    the protection it affords from public disclosure and use extends only to the limited

3    information or items that are entitled to confidential treatment under the applicable

4    legal principles. The parties further acknowledge that this Order does not entitle them

5    to file confidential information under seal; the Court's local rules set forth the

6    procedures that must be followed and the standards that will be applied when a party

7    seeks permission from the Court to file material under seal.

8        2.    **GOOD CAUSE STATEMENT**

9        The Parties to this action sell competing epinephrine sulfate injection products

10   for use in operating room settings, and this action is likely to involve trade secrets,

11   customer and pricing lists and other valuable research, development, commercial,

12   financial, technical and/or proprietary information for which special protection from

13   public disclosure and from use for any purpose other than prosecution of this action

14   is warranted. Such confidential and proprietary materials and information consist of,

15   among other things, confidential business or financial information, competitively-

16   sensitive information regarding confidential business practices, or other confidential

17   research, development, or commercial information (including information

18   implicating privacy rights of third parties), information otherwise generally

19   unavailable to the public, or which may be privileged or otherwise protected from

20   disclosure under state or federal statutes, court rules, case decisions, or common law.

21   Accordingly, to expedite the flow of information, to facilitate the prompt resolution

22   of disputes over confidentiality of discovery materials, to adequately protect

23   information the Parties are entitled to keep confidential, to ensure that the Parties are

24   permitted reasonable necessary uses of such material in preparation for trial, to

25   address their handling at the end of the litigation, and serve the ends of justice, a

26   protective order for such information is justified in this matter. It is the intent of the

27   Parties that information will not be designated as confidential for tactical reasons and

28   that nothing be so designated without a good faith belief that it has been maintained

in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   **DEFINITIONS**

The following definitions shall apply to this Order:

a.      "**Action**" shall refer to the above-captioned matter and any appeal from the above-captioned matter, through final judgment.

b.      **"Challenging Party"** shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

c.      "**Confidential Information**" shall mean such information (regardless of how it is generated, stored, maintained or disclosed) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Confidential Information does not include documents available to the public, already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or Non-Parties in a manner making such information no longer confidential.

d.      "**Counsel**" shall mean Outside Counsel of Record and House Counsel as well as their support staff.

e.      "**Designating Party**" shall mean the Party or Non-Party that designates a Document, information or items it produces in disclosures or responses to discovery as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only."

f.      "**Document(s)**" means all materials within the scope of FED. R. CIV. P. 34.

g.      "**Disclosure or Discovery Material**" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

h.    **"Expert"** means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and who (a) is not a past or current employee of a Party or of a Party's competitor, and also (b) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

i.    "**Highly Confidential Information – Attorneys' Eyes Only**" shall mean such Documents, testimony, information or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial competitive harm to the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret.

j.    "**House Counsel**" means attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

k.    "**Legend**" as used herein shall mean a stamp or similar insignia stating "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only."

l.    "**Non-Party**" means any natural person, partnership, corporation, association, or other legal entity not named as a Party.

m.    "**Outside Counsel of Record**" means attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of a Party.

n.    "**Party**" refers to any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and its Outside Counsel of Record (and their support staffs).

o.    "**Producing Party**" refers to a Party or a Non-Party that produces Disclosure or Discovery Material in this Action, whether informally or pursuant to

- 4 -

1   the applicable rules of civil procedure.

2      p.   **"Professional Vendors"** refers to persons or entities that provide
3   litigation support services to a Party (e.g., photocopying, videotaping, translating,
4   preparing exhibits or demonstrations, and organizing, storing, or retrieving data in
5   any form or medium) and their employees and subcontractors.

6      q.   **"Protected Material"** refers to any Disclosure or Discovery Material
7   that is designated as "Confidential Information" or "Highly Confidential Information
8   – Attorneys' Eyes Only."  Protected Material may consist of, without limitation, (1)
9   testimony given in this Action by any Party or by any Non-Party (whether oral, in
10   writing, or via videotape); (2) Documents produced in this action by any Party or by
11   any Non-Party; (3) written discovery responses given by any Party; (4) any
12   documents or pleadings filed with the Court which attach, contain, quote or otherwise
13   disclose any such "Confidential Information"; and (5) the information contained
14   within such documents, testimony or discovery responses so properly designated.

15      r.   "**Receiving Party**" means a Party that receives Disclosure or Discovery
16   Material from a Producing Party.

17      s.   When reference is made in this Stipulated Protective Order to any
18   Document or party, the singular shall include the plural, and plural shall include the
19   singular.

20   4.   **SCOPE**

21      The protections conferred by this Stipulation and Order cover not only
22   Protected Material (as defined above), but also (1) any information copied or
23   extracted from Protected Material; (2) all copies, excerpts, summaries, or
24   compilations of Protected Material; and (3) any testimony, conversations, or
25   presentations by Parties or their Counsel that might reveal Protected Material. Any
26   use of Protected Material at trial shall be governed by the orders of the trial judge.
27   This Order does not govern the use of Protected Material at trial.

28

5.     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.     **DESIGNATING PROTECTED MATERIAL**

a.     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

b.     Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material

that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

c.  <u>Designation of Documents or Information as Protected Material</u>. A Producing Party may designate any information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) as Protected Material by affixing the appropriate Legend to each page that contains Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential Information – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

d.  <u>Designation of Testimony as Protected Material</u>.  Any Party or Non-Party may designate deposition or hearing testimony, and any transcript or declaration (or any portion thereto or exhibit thereto) of its own witness(es) or expert(s) as Protected Material by (a) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof) or (b) informing counsel for all other Parties of such designation in writing within five (5) business days after service of the declaration or ten (10) business days after receipt of the final transcript, in which case any Party in possession of an

original or copy of the transcript or declaration shall affix the appropriate Legend to the cover page and all designated pages and exhibits. If no such designation is made at the deposition or within the ten (10) day period following receipt of the final transcript, then the entire deposition will be considered devoid of Protected Material.

e.     <u>Designation of Information Produced in Some Other Form</u>. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place (e.g., on the exterior of the container(s) in which the information is stored or in the file name) the appropriate Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

f.     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.     **Timing of Challenges**.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

b.     **Meet and Confer**. The Challenging Party shall proceed under Local Rule 37 for any confidentiality designation disputes.

c.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expense and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

1    material in question the level of protection to which it is entitled under the Producing

2    Party's designation until the Court rules on the challenge.

3    8.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

4         a.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

5    disclosed or produced by another Party or by a Non-Party in connection with this

6    Action only for (a) prosecuting, defending or attempting to settle this Action,

7    including, without limitation, discovery, motions, briefs and preparation for trial or

8    appeal, (b) as otherwise compelled by lawful process; or (c) as otherwise required by

9    law.  Such Protected Material may be disclosed only to the categories of persons and

10   under the conditions described in this Order. When the Action has been terminated,

11   a Receiving Party must comply with the provisions of section 14 below (FINAL

12   DISPOSITION).

13        b.    Protected Material must be stored and maintained by a Receiving Party

14   at a location and in a secure manner that ensures that access is limited to the persons

15   authorized under this Order.

16        c.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

17   otherwise ordered by the court or permitted in writing by the Designating Party, a

18   Receiving Party may disclose Documents, testimony or information designated

19   "Confidential Information" and any Documents, summaries, charts or notes made

20   therefrom, and any facts or information contained therein or derived therefrom, only

21   to:

22             (i)    the Receiving Party's Outside Counsel of Record in this Action,

23                    as well as employees and support staff of said Outside Counsel of

24                    Record to whom it is reasonably necessary to disclose the

25                    information for this Action;

26             (ii)   the officers, directors, and employees (including House Counsel)

27                    of the Receiving Party to whom disclosure is reasonably

28                    necessary for this Action;

(iii)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)    the Court and its personnel, including any judge, jury or trier of fact, discovery referee, and any mediator or settlement officer appointed by the Court or agreed to by the Parties in connection with this Action;

(v)    stenographic reporters and videographers who are involved in the recording of the depositions in the Action, and their staff;

(vi)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii)    the authors, addressees, or identified recipients of copies of such designated Documents, testimony or information; a custodian or other person who otherwise possessed or knew the information; or employees testifying on behalf of the Producing Party;

(viii)    Deponents or witnesses and their counsel who are requested by any Designating Party to review these Documents, testimony or information during the course of depositions taken in the Action:

(viii)    any other persons with a prior order of the Court.

d.    <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Documents, testimony or information designated "Highly Confidential Information – Attorneys' Eyes Only" and any Documents, summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, only to:

- 10 -

(i)     Outside Counsel of Record, as well as employee and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(ii)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)   the Court, any of its personnel, including any judge, jury or trier of fact, discovery referee, and any mediator or settlement officer appointed by the Court or agreed to by the Parties in connection with this Action;

(v)    stenographic reporters and videographers who are involved in the recording of the depositions, the trial or any hearings or proceedings in the Action, and their staff;

(vi)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii)  the authors, addressees, or identified recipients of copies of such designated Documents, testimony or information; a custodian or other person who otherwise possessed or knew the information; or employees testifying on behalf of the Producing Party;

(viii) Deponents or witnesses and their counsel who are requested by any Designating Party to review these Documents, testimony or information during the course of depositions taken in the Action:

(viii) any other persons with a prior order of the Court.

9.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

a.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any other Party's Protected Material, that Party must:

(i)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(ii)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(iii)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

b.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a.  The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action and designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the Protected Material requested is subject to a confidentiality agreement with a Non-Party;

(ii)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    (3) make the information requested available for inspection by the Non-Party, if requested.

c.     If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    **UNAUTHORIZED     OR     INADVERTENT     DISCLOSURE     OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.     **MISCELLANEOUS**

a.     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b.     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

c.     <u>Filing Protected Material</u>.  This Order shall not prevent any Party from using Protected Material in any affidavit, brief, memoranda of law, or other papers filed with the court. The Parties agree and understand that in the event that Protected Material is to be included in any motion or papers or records filed or lodged in connection with any motion or proceedings, they shall follow the procedures set forth in the Court's local rules for sealing of documents pursuant to a protective order. If

- 14 -

a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. **FINAL DISPOSITION**

After the final disposition of this Action, and within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

15. **RELIEF FOR VIOLATIONS**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

Dated: October 14, 2020

JOHN D. EARLY
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
7                      CENTRAL DISTRICT OF CALIFORNIA
8                             SOUTHERN DIVISION

9    NEXUS PHARMACEUTICALS, INC.   |   Case No. 2:20-cv-07518 CJC(JDEx)
10
11            Plaintiff,           |   **DECLARATION REGARDING**
                                       **COMPLIANCE WITH**
12                                     **STIPULATED PROTECTIVE**
          v.                           **ORDER**
13
     QUVA PHARMA, INC. et al.,     |
14                                     Complaint Filed:   August 19, 2020
            Defendants.                First Am. Compl.: Sept. 24, 2020
15

16          I, _____, declare under penalty of perjury

17   that:

18          I have read in its entirety and understand the Stipulated Protective Order

19   entered in the case of *Nexus Pharmaceuticals, Inc. v. QuVa Pharma, Inc., et al.*,

20   United States District Court, Central District of California Case No. 2:20-cv-07518

21   CJC(JDEx).  I agree to comply with and be bound by all the terms of this Stipulated

22   Protective Order and I understand and acknowledge that failure to so comply could

23   expose me to sanctions and punishment in the nature of contempt.  I solemnly

24   promise that I will not disclose to any person or entity, or utilize in any manner, any

25   of the information that is subject to this Stipulated Protective Order except in strict

26   compliance with the provisions of this Order. I further agree to submit to the

27   jurisdiction of the Court for the purpose of enforcing the terms of this Stipulated

28
                                      - 1 -
                                   Exhibit A
                         STIPULATED PROTECTIVE ORDER

1   Protective Order, even if such enforcement proceedings occur after termination of

2   this action.

3

4   Dated: _____          _____

                                            Signature
5

6                                           _____

                                            Printed Name
7

8                                           _____

                                            Entity By Whom Employed
9

10                                          _____
                                            _____
11                                          _____
                                            Address and Telephone Number
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

STIPULATED PROTECTIVE ORDER